**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY STONE,

Defendant - Appellant.

No. 04-1214
(D. Ct. No. 03-CR-519-B)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Circuit Judge, **McWILLIAMS**, and **HARTZ**, Circuit Judges.

Defendant-Appellant Rodney Stone seeks remand for resentencing in light of *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005). Both parties agree that our review is limited to plain error in this instance. We take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and, because Mr. Stone does not satisfy plain-error review, AFFIRM.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

A jury found Mr. Stone guilty of counterfeiting United States currency in violation of 18 U.S.C. § 471. At sentencing, the District Court determined that Mr. Stone had a base offense level of 6, *see* U.S. Sentencing Guidelines Manual § 2B1.1 (2002) ("U.S.S.G."), and a criminal history category of VI. Mr. Stone did not contest his criminal history category.

The court made numerous findings of fact, which given the mandatory nature of the sentencing scheme then in place, enhanced the offense level to 22. In particular, the court enhanced 6 levels for the amount of the loss, U.S.S.G. §§ 2B5.1(b)(1)(B), 2B5.1(b)(1)(D); 4 levels for being an organizer and a leader, U.S.S.G. § 3B1.1(a); 2 levels for employing his minor niece and nephews to commit the offense, U.S.S.G. § 3B1.4; and 4 levels because the offense involved 50 or more victims, U.S.S.G. § 2B1.1(b)(2)(A). Mr. Stone objected to the factual bases for these enhancements, stating only that the amount of loss and number of victims were merely speculative and that the minors and adults freely chose to be involved in the counterfeiting venture. He did not argue that the court's findings of fact were made in violation of the Sixth Amendment.

As a result of these enhancements, the District Court found that Mr. Stone's sentencing range was 84–105 months' imprisonment. *See* U.S.S.G. Chap. 5 Pt. A. The court then sentenced Mr. Stone to 105 months' incarceration

followed by 3 years' probation, the highest sentence in the applicable range. A timely appeal was made. The sole argument on appeal is that Mr. Stone is entitled to a remand for resentencing in light of *Booker*.

## II. DISCUSSION

Our *Booker* analysis is affected by whether we face constitutional or non-constitutional *Booker* error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 729 (10th Cir. 2005) (en banc) (discussing the two types of *Booker* error). Here, the base offense level yielded a sentencing range of 12–18 months' incarceration and the enhanced range yields a sentencing range of 84–105 months. Because Mr. Stone was sentenced to a term longer than he would have been sentenced to absent judicial factfinding, we face a constitutional *Booker* error. *Id.*

Before the District Court, Mr. Stone contested the sufficiency of the evidence supporting the judge's findings of fact. This Court has recently held that a sufficiency-of-the-evidence argument does not preserve a constitutional *Booker* challenge on appeal. *United States v. Dazey*, 403 F.3d 1147, 1173–74 (10th Cir. 2005). Therefore, we review only for plain error. *Id.* at 1174.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta*, 403 F.3d at 732 (quotation marks omitted). Because we face constitutional *Booker*

error here, we apply this test less rigidly than in the non-constitutional context. *Dazey*, 403 F.3d at 1174. In light of *Booker*, there can be no doubt that Mr. Stone's 105-month sentence was erroneously imposed and plainly so. *See id.* at 1174–75. Nonetheless, we cannot remand for resentencing unless Mr. Stone meets his burden to satisfy both the third and fourth prongs of plain-error review as well. *Id*. at 1174–75, 1178.

The third prong of plain-error review asks "whether the constitutional error in [the Defendant's] case affects his substantial rights." *Id*. at 1173. To affect Mr. Stone's substantial rights, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Mr. Stone bears the burden of making this showing. *Gonzalez-Huerta*, 403 F.3d at 729. To meet this burden, Mr. Stone must show "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id*. (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 2339 (2004)). Mr. Stone does not satisfy this standard.

Mr. Stone has two ways to show that his substantial rights are affected in a constitutional *Booker* error case. *See Dazey*, 403 F.3d at 1175. First, he can establish that his substantial rights have been affected by "show[ing] a reasonable probability that a jury applying a reasonable doubt standard would not have found

the same material facts that a judge found by a preponderance of the evidence."
*Id*. To conduct this inquiry, we review the evidence submitted at the sentencing hearing and the bases for objections the defendant made to the facts on which the sentence was predicated. *Id*. In *Dazey*, the defendant met this standard by "strenuously contest[ing] the factual basis for the sentencing enhancements [by] presenting [countervailing] evidence" that allowed us to "conclude [that] there is a reasonable probability that a jury evaluating the evidence presented at trial would not determine, beyond a reasonable doubt," that the factual predicates for the sentencing enhancements were proven. *Id*. at 1177.

This method of satisfying the third prong of plain-error review is not open in this case because Mr. Stone did not present any countervailing evidence to any of the factual bases for his various enhancements. Rather, he merely asserted that the government's evidence was speculative and that his niece and nephews and the other adult participants joined the counterfeiting scheme of their own free will. This meager evidentiary record distinguishes this case from *Dazey*. Moreover, "[t]he plethora of evidence supporting the district court's factual findings strongly suggests that these findings were correct." *United States v. Riccardi*, 405 F.3d 852, 875 (10th Cir. 2005) (finding third prong not met); *see also United States v. Ambort*, 405 F.3d 1109, 1120 (10th Cir. 2005) (same). Indeed, the testimony of Secret Service Agent Virgil Reichle, several local police

officers, and numerous retail employees fully supports the District Court's factual findings on all four enhancements. As such, there is not a reasonable probability that a jury, applying the beyond-a-reasonable-doubt standard, would have found different sentencing facts.

Second, Mr. Stone can show that his substantial rights have been affected "by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range." *Dazey*, 403 F.3d at 1175 (note omitted). This can be demonstrated when the district court states that the defendant's conduct, based on this particular record, did not warrant the minimum Guidelines sentence. *Id*.

Nothing in the record in this case suggests that the District Court, sentencing post-*Booker* under a discretionary system, would have imposed a lesser sentence. In fact, the judge, who could have sentenced Mr. Stone anywhere within the Guidelines range, gave him the maximum sentence within the range. Given the magnitude of this sentence and the lack of record evidence illustrating that a sentence diverging from the Guidelines would be justified under 18 U.S.C. § 3553(a), Mr. Stone fails to show that there is a reasonable probability that the district court would have issued a lower sentence under a discretionary scheme. *See Riccardi*, 405 F.3d at 876 (holding that sentence at the top of the Guidelines

range supported the conclusion that the defendant's substantial rights were not violated); *Ambort*, 405 F.3d at 1121 (same); *see also United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) (noting that the district court's imposition of a sentence just two months above the bottom of the range supported the conclusion that the defendant failed to show that his sentence would "likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing" for purposes of meeting the fourth prong of plain-error review).

In holding that Mr. Stone has not shown that his substantial rights have been affected, we do not adopt an absolute rule that a sentence at the high-end of the sentencing range, in every case, bars satisfaction of the third prong of plain-error review. *See United States v. Della Rose*, 403 F.3d 891, 907 (7th Cir. 2005) ("It has not escaped our attention that the district court sentenced Della Rose at the high end of the Guidelines range, but that alone does not rule out the possibility that the judge might have imposed a lesser sentence had he known that the Guidelines did not bind him."). Rather, we issue a more limited holding: In the absence of compelling record evidence to the contrary, which we do not have in this case, a defendant fails to meet his burden to satisfy the third prong of plain-error review when sentenced at the upper end of the Guidelines range.

## III. CONCLUSION

This *Booker* sentencing challenge is subject to plain-error review. The

District Court sentenced Mr. Stone to the highest possible term in the sentencing range, and Mr. Stone fails to present evidence suggesting that a lower sentence would have been given in a discretionary scheme. We therefore hold that Mr. Stone does not satisfy the plain-error test and AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

*04-1214, U.S. v. Stone*
**HARTZ, J.**, concurring.

Because I conclude that Mr. Stone has not satisfied the fourth prong of plain-error review, I concur.